IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOSE ESCOBAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:22-CV-082-Z-BR |
| | § | |
| ROBERT ALMANZA, JR., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART MOTION TO DISMISS**

On April 15, 2022, Plaintiff Jose Escobar ("Plaintiff") tendered to the Court a Complaint initiating a civil rights action under 42 U.S.C. § 1983. (ECF 3). Plaintiff was granted permission to proceed in *forma pauperis* by the Court, (ECF 26), and he has subsequently filed an Amended Complaint, (ECF 14), to which he has attached additional documents. (ECF 27). The Attorney General of Texas ("OAG") has responded to the Second Order to Answer on behalf of all Defendants, (ECF 34), by filing a Motion to Dismiss. (ECF 40). Such Motion now comes before the undersigned for consideration.

I.   INTRODUCTION

At all times relevant to this matter, Plaintiff was incarcerated at the Rufe Jordan Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ('TDCJ"). (ECF 14 at 7). On two separate occasions, Plaintiff filed for Offender Protection Investigations, OPIs, alleging personal threats from other inmates. (ECF 40 at 6, 16). Plaintiff also raised the same concerns via Offender Grievance Forms, TDCJ's internal administrative process for inmates to contest various aspects of their incarceration. (ECF 3 at 6–9). TDCJ rejected Plaintiff's OPI

requests as "unsubstantiated" on November 30, 2021 and December 2, 2021. (ECF 3 at 12, 13). This rejection resulted in Plaintiff being returned to regular housing on December 22, 2021. (ECF 40 at 6).

Plaintiff was assaulted by his cellmate a mere three days later, on December 25, 2021. (*Id.*). Following the incident, when Plaintiff apparently renewed his complaints, TDCJ reversed itself and found his concerns to be "substantiated." (ECF 3 at 14). Plaintiff now brings suit against nine TDCJ-affiliated Defendants whom he alleges played some part in that course of events. Although he does not so state specifically, it is obvious from the face of the Amended Complaint that Plaintiff asserts an Eighth Amendment claim in this action.

## II. ANALYSIS

### a. Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1)

Eleventh Amendment immunity bars suits against state employees in their official capacity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To the extent Plaintiff brings a money damages claim against any Defendant in their official capacity, it is barred by the Eleventh Amendment.

### b. Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6)

Although Plaintiff does not specifically state in which capacity he brings his suit against Defendants, he is entitled to a liberal reading of his action. *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). Accordingly, the undersigned will construe the Complaint as stating a cause of action against Defendants in their individual capacities; those claims brought against Defendants in their official capacity being barred.

When a complaint is attacked by a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts must be able to locate more than labels, conclusions, or a

formulaic recitation of the legal elements supporting a cause. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Indeed, factual allegations must rise above the level of speculation. *Id.*

      i. <u>Eight Amendment</u>

The Attorney General moves to dismiss Plaintiff's individual capacity claims for failure to state a claim under the Eighth Amendment. (ECF 40 at 12, 13). In support, it casts the allegations against all Defendants as a barebones recitation of the legal elements necessary to sustain a claim for failure to protect an inmate in prison. (*Id.*).

Prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates. *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006). Under the framework announced by our federal Supreme Court in *Farmer v. Brennan*, an inmate must show that he was incarcerated under conditions posing a substantial risk of serious harm, and that prison officials were deliberately indifference to that risk. *Id.* at 593 (citing *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994).

The Attorney General's presentation of Plaintiff's allegations as thin and unsubstantiated is not supported by the record. Instead of "unadorned" and "conclusory" as Defendants would have the undersigned believe, Plaintiff's submissions tell a compelling story. Plaintiff submitted multiple grievances to prison administrators requesting, and eventually begging, to be moved to safer housing. (ECF 3; 27). His requests were denied as "unsubstantiated." (ECF 3 at 7). Worse, instead of taking Plaintiff's concerns seriously, prison officials disciplined Plaintiff for refusing to cooperate on the issue housing. (ECF 27). This pattern of conduct plainly satisfies the standard to state a claim under *Farmer* and Rule 12(b)(6). *See also White v. Fox*, 470 Fed. App'x 214, 220 (5th Cir. 2012) (citing *West v. Rowe*, 448 F. Supp. 58 (N.D. Ill. 1978), for the principle that a

prisoner's repeated requests for help placed prison officials on notice for Eighth Amendment purposes.).

While the undersigned, Plaintiff, Defendants, and the Attorney General can now look back on the events with hindsight and conclude that Plaintiff's complaints to officials were reasonable because he was in fact assaulted by other inmates, that is not what drives the undersigned's conclusion. Instead, it is the obviousness of Plaintiff's beliefs about his safety that bleeds through the documents before the undersigned – in that he resorted to civil disobedience to make his point, even while incarcerated. (ECF 3 at 8). Prison officials even implicitly admit this by virtue of their galling reversal on Plaintiff's safety concerns <u>after he was assaulted</u>.[1] In short, Plaintiff has certainly raised the specter of deliberate indifference.[2]

      ii. Qualified Immunity

The qualified immunity inquiry for public officers, such as Defendants Cabrera and Mitchell, includes two prongs: "(1) whether the officer's alleged conduct has violated a federal right and (2) whether the right in question was 'clearly established' at the time of the alleged violation, such that the officer was on notice of the unlawfulness of his or her conduct." *Davis v. Hodgkiss*, 11 F.4th 329, 333 (5th Cir. 2021) (quotation marks omitted). "The officer will be entitled

---

[1] The Attorney General argues that prison officials' conduct could not possibly be deliberately indifferent because they investigated his safety complaints on multiple occasions. (ECF 40 at 14, 15). That officials undertook an investigation hardly means they were not deliberately indifferent. The mere existence of an investigation means little without factual support or documentation. If the Attorney General can show that an actual, proper investigation took place, then it may yet be victorious in this matter, albeit at summary judgment. Bald assertions on this issue are not sufficient.

[2] The Attorney General focuses its efforts on pointing out the supposed frailties in Plaintiff's allegations rather than demonstrating which Defendants did not have actual knowledge of Plaintiff's safety concerns. Because it is appropriate at this stage to accept Plaintiff's well pled allegations as true, the undersigned has no choice but to conclude and recommend that no Defendants should be dismissed from this action. If the Attorney General can differentiate who had actual knowledge at a later point, in their individual capacities, dismissal may be appropriate via summary judgment.

to qualified immunity if no constitutional violation occurred or if the conduct did not violate law clearly established at the time." *Id*. (quotation marks omitted). A clearly established constitutional right is one that is sufficiently clear such that every reasonable officer would have understood that what he is doing violates that right. *Mullenix v. Luna*, 577 U.S. 7, 11 (2015). While qualified immunity is a question of law, it must be presented to a jury when its applicability involves disputed issues of fact. *Heaney v. Roberts*, 846 F.3d 795, 802 (5th Cir. 2017).

The Fifth Circuit characterized the right of prisoners to be free from the violence of their fellow inmates as "well established" in 2006. *Longoria*, 473 F.3d at 592. There can be no question then that the law at issue here was clearly established at the time of events that gave rise to this action. However, Defendants will be permitted to reassert arguments as to qualified immunity at a later date.[3]

### III.    RECOMMENDATION

It is the recommendation of the undersigned United States Magistrate Judge to the United States District Judge that the Motion to Dismiss, (ECF 40), be granted as to Plaintiff's official capacity claims against Defendants for money damages and be denied in all other respects.

---

[3] Defendants do not dispute Plaintiff's account of the events. As such, the undersigned deems them admitted. *Ramming v. U.S.*, 281 F.3d 158, 162 (5th Cir. 2001). It is of course true that the ability of Defendants to dispute the factual assertions of Plaintiff is limited by their pursuit of a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. At least one other judge in this district has observed that 12(b)(6) motions are poor vehicles for assertions of qualified immunity because they lack the needed factual development that would often be helpful. *Reitz v. City of Abilene*, 2017 WL 3046881, at *12 (N.D. Tex. May 25, 2017) (Frost, J.), *report and recommendation adopted by* 2017 WL 3034317 (N.D. Tex. Jul. 17, 2017).

In short, the decision by the Attorney General to assert qualified immunity via a motion to dismiss has hamstrung the ability of the undersigned to assess its arguments. Further factual development is needed, development that is not available in this context. As quoted by Judge Frost, "summary judgment is the right way to handle claims of immunity." *Reitz*, 2017 WL 3046881, at *13 (quoting *Jacobs v. City of Chicago*, 215 F.3d 758, 775 (7th Cir. 2000) (Easterbrook, J., concurring)). Therefore, the question of qualified immunity should remain open at this time.

IV.   INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 16, 2023.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation.   In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).