IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOSE ESCOBAR, | § | |
| Plaintiff, | § | |
| v. | § | 2:22-CV-082-Z-BR |
| ROBERT ALMANZA, JR., *et al.*, | § | |
| Defendants. | § | |

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are the findings, conclusions, and recommendation ("FCR") of the United States Magistrate Judge to grant in part and deny in part the Motion to Dismiss filed by Defendants. ECF No. 41. Objections to the findings, conclusions, and recommendation have been filed. ECF Nos. 42 (Defendants' Objections), 43 (Plaintiff's Objections). Defendants object on four grounds. Each is addressed in turn.

First, Defendants object that "Plaintiff failed to establish personal involvement of each defendant and cannot overcome their qualified immunity." ECF No. 42 at 1. Specifically, Defendants claim Plaintiff's pleadings lack "any allegations of who Plaintiff provided actual notice to, when he did, or how he did." *Id.* That is incorrect. Defendants point to the Amended Complaint allegations that each Defendant "had actual notice . . . ." *Id.* (quoting ECF No. 14 at 4–5). In response to Section IV of his Prisoner's Civil Rights Compliant form — titled "PARTIES TO THIS SUIT" — Plaintiff states as to each Defendant: "I told the Defendant about the Danger that

existed However Refused to protect me He displayed 'Deliberately Indifferent.'" *See* ECF No. 3 at 4–5.[1]

Defendants' *actual* objection — which is also Defendants' second objection — is that the Magistrate Judge considered Plaintiffs Complaint (ECF No. 3) along with his Amended Compliant (ECF No. 14). *See* ECF No. 42 at 2 ("Defendants contend the live pleading are unadorned assertions without any factual enhancement, and as such, the claims against them in the live pleading should be dismissed."); *see also id.* at 3 ("The Report makes numerous citations to the original complaint . . . . However, the Report only cites to the live pleading once . . . .).

Defendants are correct that "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." ECF No. 42 at 3 (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)). And so, arguably reasonably, Defendants read Plaintiff's Amended Complaint with blinders — querying how any Defendant could have had actual notice based on Plaintiffs second-round answers to Section IV. Obviously, the answer has already been alleged: Plaintiff "told the Defendant[s] about the Danger that existed." ECF No. 3 at 4–5.

*Pro se* allegations are held "to less stringent standards than formal pleadings drafted by lawyers," and this Court is guided by the principle that pleadings must be construed so as to do justice. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); FED. R. CIV. P. 8(e). Accordingly, it is this Court's practice to read *pro se* filings together when justice so requires. Such is the case here. The Amended Complaint's Section IV responses are only sensible when they are read together — by incorporating — the first responses. *Accord* ECF Nos. 14 at 4–5, 3 at 4–5.

---

[1] The Court also notes the FCR's mistaken reference to incorrect Defendants — "Caberera (sic) and Mitchell." *See* ECF No. 42 at 2 n.1; *see also* ECF No. 41 at 4. The error is *de minimis* in nature because the analysis is applicable notwithstanding.

Defendants' third objection is that "Defendants satisfied their constitutional obligations to Plaintiff by removing him from the complained-of housing on three occasions while they conducted investigations." ECF No. 42 at 3. However, as the FCR notes, conclusory assertions "[t]hat officials undertook an investigation hardly means they were not deliberately indifferent. The mere existence of an investigation means little without factual support or documentation." ECF No. 41 at 4 n.1.

Finally, Defendants object that they "should be entitled to qualified immunity." ECF No. 42 at 6. That may be true. However, "12(b)(6) motions are poor vehicles for assertions of qualified immunity because they lack the needed factual development that would often be helpful." ECF No. 41 at 5 n.3 (internal marks omitted). Rather, "summary judgment is the right way to handle claims of immunity." *City of Abilene*, 2017 WL 3046881, at *13 (N.D. Tex. May 25, 2017) (Frost, J.), *report and recommendation adopted by* 2017 WL 3034317 (N.D. Tex. Jul. 17, 2017) (quoting *Jacobs v. City of Chicago*, 215 F.3d 758, 775 (7th Cir. 2000) (Easterbrook, J., concurring)). The Court agrees with the FCR's analysis that "qualified immunity should remain open at this time" to develop the factual record regarding the investigations, and thereafter may be the subject of summary judgment. *See* ECF No. 41 at 5 n.3.

Therefore, after making an independent review of the pleadings, files, and records in this case, the Court concludes that the findings, conclusions, and recommendation of the Magistrate Judge are correct. It is therefore **ORDERED** that the findings, conclusions, and recommendation of the Magistrate Judge are **ADOPTED** and the Motion is **GRANTED IN PART AND DENIED IN PART** as discussed in the FCR and further elaborated herein.

**IT IS SO ORDERED**.

September _1_, 2023

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE